### OF

# THE COURT OF APPEALS

## OF KENTUCKY.

### SUMMER TERM, 1861.

CASE 1—PRESENTMENT AND MOTION—JUNE 4.

## Margoley, &c. vs, Commonwealth.

#### APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

Where a licensed tavern-keeper has been presented and fined three hundred dollars for a breach of his obligation for the performance of his duties as tavern-keeper, his surety not being a party, and not notified of the proceeding—the latter, in a subsequent motion for a judgment against him, is not affected by the judgment against his principal, but may contest the breach of the obligation; and he is entitled to ten days notice, and to a trial of the issue by a jury. (2 *Rev. Stat.*, 407.)

A proceeding against the surety of a tavern-keeper to recover three hundred dollars for a breach of the obligation of such tavern-keeper, (2 *Rev. Stat.*, 407,) is not for a misdemeanor, and does not come within that section of the Criminal Code which requires the record to be filed in the clerk's office of the court of appeals within sixty days after judgment, to entitle the party to an appeal.

ALF. ALLEN, for appellants, cited 2 *Revised Statutes*, 407; *Constitution Ky.*, *Rev. Stat.*, *page* 152, *secs.* 6, 8 *and* 12.

A. J. JAMES, Attorney General, for Commonwealth.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

In April, 1860, Margoley, who was a licensed tavern-keeper, and had executed a bond, with one Pate as his surety, for the performance of his duties as tavern-keeper, was tried and convicted of a breach of his obligation, and adjudged to pay a fine of three hundred dollars.

Afterwards the attorney for the Commonwealth notified the surety, Pate, that he would move against him, at the ensuing October term of the circuit court, for a judgment against him for the like sum, as the penalty of the bond. Upon the calling of the cause Pate tendered his answer, controverting the allegations of the breach of the obligations of the bond, and resisted a judgment against him as the surety of Margoley. His answer was adjudged bad on demurrer, and a several judgment rendered against him for three hundred dollars in favor of the Commonwealth. To reverse that judgment he has prosecuted this appeal.

The Revised Statutes (2 *vol. Stanton's edition,* 407,) require all licensed tavern-keepers to enter into a bond for the performance of their duties therein set forth; and also require that they shall give surety for the discharge of such duties. It is furthermore declared in the same chapter, that "when a tavern-keeper shall be presented for a breach of his obligation, or on the information of any person, the court may hear and determine the matter in a summary way by a jury; and if the jury find that the tavern-keeper has been guilty of a breach of his obligation the court shall give judgment against him and his surety for the sum of three hundred dollars—*they having first had ten days notice of the procedure.*"

Now it is evident that the liability of the tavern-keeper and his surety upon the bond depends upon a conviction of the former of "a breach of his obligation," or, in other words, of a violation of his contract. It is also plain that no judgment can be rendered against the parties to the bond for a breach, until they have had ten days previous notice of the procedure had or instituted to inquire into and determine whether or not such breach has been committed. Each—the principal or the surety in the bond—has thus the right to contest the alleged breach. And to permit a judgment against the principal to operate as conclusive against the surety, when the latter was not notified of the procedure against the former, and not privy to the same, would be, in our judgment, a palpable violation of the section referred to, and of the rights of the surety.

In this case the surety was not notified of the procedure in which it was determined that the tavern-keeper had violated the bond. He was therefore not affected by the judgment against the tavern-keeper. Upon the subsequent motion against him, he had the right, so far as he was concerned, to contest the breach of the obligation upon which alone he could be held liable as surety, and as his answer substantially put in issue the alleged breach of the tavern-keeper's bond, we are of opinion that the circuit court erred in sustaining the demurrer to the same. A jury should have been empannelled to try the issue, and, upon their finding, the action of the court should have been based.

The judgment against Margoley cannot be disturbed, there being, in our opinion, no sufficient ground presented for a new trial, and the same is affirmed. But the judgment against Pate is reversed, and cause remanded for a new trial and further proceedings not inconsistent with this opinion.

The proceeding against Pate is not for a misdemeanor, and does not come within that section of the Code which requires the record to be filed within sixty days.