### NATHAN GEORGE *vs.* THOMAS G. KENT & others.

One who takes a deed of mortgage of a portion of a lot of land, the whole of which is subject to a prior mortgage, with notice of a prior unrecorded deed of warranty of an adjoining portion of the same lot from the same grantor to a third person, cannot compel the latter to contribute towards the redemption of the first mortgage, and a direct reference in his deed of mortgage to such third person as the owner of the adjoining land will amount to such notice.

BILL IN EQUITY to redeem land from a mortgage.

It appeared at the hearing that on the 7th of May 1850 Nathaniel Chessman, being the owner of a parcel of land on the south side of Water Street in Milford, containing about three acres, mortgaged it to Maxcy Cook; that afterwards, on the

1st of July 1853, he conveyed a small lot on the easterly part thereof to Hugh Galliher, by a deed of warranty which was duly recorded; that afterwards, on the 5th of June 1854, he conveyed a small lot on the westerly part thereof to Patrick Murphy, by a deed of warranty which was not recorded; and that afterwards, on the 2d of November 1854, he conveyed another small lot, lying between the lots conveyed to Galliher and Murphy, to the plaintiff, by a deed of mortgage which was duly recorded, containing the following description of the mortgaged premises: " Beginning at the northeasterly corner of the premises, on Water Street, on land of Hugh Galliher; thence S. 2° W. by land of said Galliher eight rods; thence S. 87¼° W. five and one half rods to land of Patrick Murphy, bounding southerly on land of N. Chessman; thence N. 2° E. eight rods to said street, bounding westerly on land of said Murphy; thence easterly by said street five and one half rods to the place of beginning." The mortgage to Maxcy Cook was assigned to the defendants in February 1861; and in May 1861 they commenced an action against the plaintiff to foreclose it, describing in their writ the lot conveyed to the plaintiff, and no more, and obtained a conditional judgment in February 1862, for the sum of $1679.15. In April 1861 the lot conveyed to Murphy became vested in the defendant Kent by mesne conveyances.

The plaintiff contended that the Murphy lot should be held to contribute, in proportion to its value, towards the redemption of the Cook mortgage; and the case was reserved by *Chapman,* J. for the determination of the whole court.

*P. C. Bacon,* (*P. E. Aldrich* with him,) for the plaintiff. The boundaries in the mortgage to the plaintiff were not actual or constructive notice to him of Murphy's deed; certainly not, that it was a warranty deed. No equity arises against the plaintiff, unless he was bound to presume a warranty deed. *Chase* v. *Woodbury,* 6 Cush. 143. The Murphy lot, therefore, should be held to contribute towards the redemption of the mortgage. See *Bradley* v. *George,* 2 Allen, 392.

*G. F. Hoar,* for the defendants. A purchaser is bound with notice of the contents of the deed which he takes. *Curtis* v

*Mundy*, 3 Met. 405. *Guion* v. *Knapp*, 6 Paige, 35. *Bellas* v. *Lloyd*, 2 Watts, 401. *Knouff* v. *Thompson*, 16 Penn. State R. 357. *Kerr* v. *Kitchen*, 17 Penn. State R. 433. The plaintiff having notice that Murphy owned the land is affected with notice that he held it under a deed of warranty. *Anonymous*, Freem. Ch. Cas. 171. *Taylor* v. *Stibbert*, 2 Ves. Jr. 440. *Hall* v. *Smith*, 14 Ves. 426. *Farrow* v. *Rees*, 4 Beav. 18.

CHAPMAN, J. It is not denied that the plaintiff has a right to redeem on payment of the amount for which conditional judgment was rendered; but he claims the right on payment of a less sum. He insists that as his deed was a deed of warranty, and was made and recorded, while the deed to Murphy was unrecorded, he has a right to hold the Murphy lot liable to contribute to the payment of the Cook mortgage. This position would be correct if there were no other facts to affect it. But the defendants reply that he had notice of the deed to Murphy. The fact relied on to prove such notice is, that Murphy's lot adjoins him on the west, and in his deed he is bounded westerly on land of Patrick Murphy. The court are of opinion that this was sufficient notice of Murphy's title. Before the enactment of Rev. Sts. *c.* 59, § 28, actual notice of an unrecorded deed was not necessary; and circumstantial evidence of title was held to be sufficient. But the Rev. Sts. made a change in this respect, and required that there should be actual notice. *Curtis* v. *Mundy*, 3 Met. 405. *Pomroy* v. *Stevens*, 11 Met. 244. *Mara* v. *Pierce*, 9 Gray, 306. *Parker* v. *Osgood*, 3 Allen, 487. The case of *Curtis* v. *Mundy* is, to some extent, overruled by the later cases; yet none of them hold it to be necessary that the notice shall be by actual exhibition of the deed. Intelligible information of a fact, either verbally or in writing, and coming from a source which a party ought to give heed to, is generally considered as notice of it, except in cases where particular forms are necessary. In this case no particular form is necessary. The description of the land in the plaintiff's deed was equivalent to an affirmation of his grantor that the land lying west of it was owned by Patrick Murphy, by virtue of some proper instrument of conveyance.

He knew from this information that Murphy's title was prior to his own. Having such a title, and the plaintiff having notice of it, Murphy and his grantees are not liable to contribute towards the redemption of the Cook mortgage. *Chase* v. *Wood-bury*, 6 Cush. 143. *Bradley* v. *George*, 2 Allen, 392.

The plaintiff is entitled to redeem on payment of the amount of the conditional judgment against him, with interest, deducting rents and profits received.