## PORTER D. SIBLEY *vs.* WILLIAM LEFFINGWELL.

The admission of immaterial evidence to prove a conceded point furnishes no ground for a new trial.

If there is direct evidence that an attaching creditor, who has levied his execution upon a portion of a messuage, had actual notice, prior to his attachment, of an unrecorded deed of "the place," evidence that the portion upon which the execution was levied was inclosed with the rest of the premises and used for a garden is competent, for the purpose of showing that he knew that the deed covered the whole of the messuage.

It is incumbent upon one who seeks to establish a title under an unrecorded deed, against an attachment and levy of an execution, to prove that the attaching creditor had actual notice, at the time of his attachment, that there was then a subsisting deed of the premises; and if the judge so instructs the jury, no exception lies to his refusal to instruct them that it was necessary to prove actual notice of a valid deed, or that the attaching creditor sought to acquire a title under his attachment by fraud.

Proof of open occupation, possession and cultivation of land by one who has an unrecorded deed thereof, though not sufficient to warrant the inference that a third person has actual notice of such deed, is competent for the consideration of the jury, in connection with direct evidence that he had such actual notice.

WRIT OF ENTRY to recover twenty rods of land in Westfield. The tenant claimed title under an attachment of the premises, and a levy thereon of an execution against Nelson Alderman.

At the trial in the superior court, before *Vose*, J., the demandant offered in evidence, to support his title, the following deeds of the premises: One from William G. Bates to himself, dated February 1st 1860; one from himself to Nelson Alderman, dated July 28th 1860; and one from Alderman to himself, dated November 19th 1860, and recorded October 6th 1863. The tenant objected to the introduction of the deed from Mr.

Bates, stating that he made no question of the demandant's title, to the time of his conveyance to Alderman; but the judge overruled the objection.

On the 14th of October 1862, the tenant commenced an action against Alderman, and attached all his real estate in Hampden county, and on the 14th of July 1863 levied the execution, which issued upon the judgment which he recovered therein, upon the demanded premises. The demandant introduced evidence of different conversations in July, and in August or September 1862, in which the tenant was informed and expressed his knowledge that "the place" on which Alderman was then living had been reconveyed by him to the demandant. The demandant was then permitted to testify, under objection, that he built a house upon the premises described in the several deeds, and that the piece of land set off on the tenant's execution was a portion of said premises, used for a garden, and inclosed with the rest of the premises.

The tenant requested the court to instruct the jury that the burden of proof was upon the demandant to show that the tenant, at the time of his attachment, had actual notice that there was a valid, subsisting deed, from Alderman to the demandant, of the land embraced in the levy; and that the tenant sought to acquire a title, by virtue of the attachment and subsequent proceedings, by a fraud upon the demandant. The judge, instead of so ruling, instructed the jury that the burden of proof was upon the demandant to satisfy them that the tenant, at the time of his attachment, had actual notice that there was then a subsisting deed of the land embraced in the levy from Alderman to the demandant; that the evidence that the demandant, holding an unrecorded deed of the premises, had been and was in open possession and occupation thereof at the time of the attachment or levy, was not sufficient to warrant them in finding that the tenant had actual notice of such deed, though it was competent for their consideration, in connection with the alleged conversations of the tenant, to explain the language used therein; that no implied or constructive notice of the existence of Alderman's deed would be sufficient, but that

they must be satisfied that the tenant knew, at the date of his attachment, that the demandant had a deed from Alderman, covering the premises levied upon.

The jury returned a verdict for the demandant, and the tenant alleged exceptions.

*M. B. Whitney & N. T. Leonard*, for the tenant, cited, besides cases cited in the opinion, *Parker* v. *Osgood*, 3 Allen, 487.

*J. Wells & H. Fuller*, for the demandant, cited, besides cases cited in the opinion, *Dooley* v. *Wolcott*, 4 Allen, 406 ; *Mara* v. *Pierce*, 9 Gray, 306.

BIGELOW, C. J. 1. The deed from Bates to the demandant was competent, when offered as part of the chain of title by which the demandant claimed a right to recover the premises in controversy ; and although the admission of the tenant, that he did not dispute the demandant's title under that deed, but claimed to hold the premises by a subsequently derived title under the demandant, rendered the deed immaterial as evidence, yet its introduction could in no way have injured the tenant or prejudiced his rights. A verdict will not be set aside when an exception is taken to the admission of evidence which, though incompetent or irrelevant, is manifestly wholly immaterial. *Commonwealth* v. *Bailey*, 11 Cush. 415. *Doane* v. *Baker*, 6 Allen, 260.

2. The evidence of the occupation of the premises in dispute as one entire messuage by the demandant was competent, not for the purpose of proving notice to the tenant of the reconveyance of the premises to the demandant by Alderman, but in order to show that the tenant, when he spoke of such reconveyance and admitted his knowledge of it, also knew that it covered the whole of the demanded premises. For this special purpose it was admitted, and the jury were instructed to consider it in that connection only.

3. The instructions to the jury were full and accurate, and in conformity to the well settled construction of the statute requiring actual notice of a prior unregistered deed, in order to invalidate the title of a subsequent purchaser and grantee. An attempt to acquire a title by setting up a recorded deed, or an

attachment and levy, subsequent in date to a previous deed, of which a purchaser or creditor has actual notice, is of itself a fraud on the holder of such prior deed. *Curtis* v. *Mundy*, 3 Met. 406. *Lawrence* v. *Stratton*, 6 Cush. 167, 169. *Pomroy* v. *Stevens*, 11 Met. 244. *Exceptions overruled.*