*Shean, Wintersmith,* for appellant.

*Stirman,* for appellee.

---

## W. H. KEEN ET AL *v.* COMMONWEALTH.

Criminal Law—Indictment—Offence of a Breach of Tavern Bond.

A surety on the bond of tavern keepers cannot be prosecuted under an indictment alleging an "offence of a breach of tavern bond." A surety is not subject to indictment; he can only be proceeded against under a civil action.

Same.

Such proceeding, being a prosecution, not for a misdemeanor, but for a mere breach of his obligation to recover the statutory penalty, is not the subject of an indictment, which is an accusation by a grand jury charging a person with the commission of a public offence.

APPEAL FROM BALLARD CIRCUIT COURT.

December 17, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

An indictment was found by the grand jury of Ballard county against the appellants Hill and Keen as tavern keepers, and the appellant Crice as their surety in their bond as such, for the

alleged "offense of a breach of tavern bond," the specific charge being that said Hill and Keen, being licensed to keep a tavern, and having with their said surety covenanted that they would not suffer or permit any person to tipple or drink more than was necessary in their said house, did suffer and permit one Hayden Roberts to do so.

The court having overruled a demurrer of the defendants to the indictment, they pleaded "not guilty," and on a trial of the issue, a verdict was rendered that they were "guilty as charged in the indictment," and thereupon the court gave judgment against them in favor of the Commonwealth for $300, and the court having refused to grant a new trial the defendants have appealed to this court.

The proceeding is not merely a prosecution against Hill and Keen for a public offense in permitting excessive drinking in their tavern house, but so far as Orice, their surety is concerned at least, is a prosecution by indictment, not for a misdemeanor, but for the mere breach of his obligation, to recover the penalty of $300 prescribed by the 7th section of chapter 99 of the Revised Statutes. Whatever may have been his liability it was not the subject of an indictment which is an accusation by a grand jury charging a person with the commission of a "public offense" (Criminal Code, section 100. Margoley vs. Commonwealth, 3 Met., 405).

Whether it might have been proper to proceed by indictment to convict the principals, and then by a summary civil proceeding to fix the liability of the surety as seems to have been recognized by the court in Margoley vs. The Commonwealth, 3 Metcalf *supra,* or to prosecute a penal action against the obligors in the bond, it is obvious that the prosecution of Orice by an indictment as for a misdemeanor was unauthorized by law, and the court erred in rendering the judgment against him, jointly with Hill and Keen on the verdict of the jury.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Marshall & White, for appellant.*