JACOB H. HORTON *vs.* JAMES O. REED *et al.*

The decisions of the highest judicial tribunal of a State are the best evidence as to the law
of such State.

BILL IN EQUITY to enjoin a mortgagee's sale.

This case was heard upon an agreed statement of facts, as follows :

December 23, 1873, Daniel Fish, owning certain realty situated in the town of East Providence, in the State of Rhode Island, being the real' estate described in the complainant's bill, executed and delivered a mortgage conveyance thereof to David F. Goff, to secure a note for $450.

In 1875 said Goff assigned the note and mortgage to John P. Walker. Walker brought suit on the note before the Superior Court of the State of Massachusetts, for the county of Bristol, at its December Term, 1878, and attached in said suit, August 22, 1878, certain lands in said county as the realty of Daniel Fish. April 14, 1879, Walker recovered judgment for $475.55 damages and $22.36 costs. · Execution issued May 5, 1879, and May 20, 1879, the land attached was set off to Walker in satisfaction of the judgment, whereupon Walker, by his attorneys, gave a receipt in full satisfaction of the execution.

But before this, November 28, 1874, Daniel Fish had conveyed one parcel of the real estate subsequently attached to the respondent, James O. Reed, by a deed which was not recorded until September 28, 1878, after the attachment had been made.

October 1, 1875, Daniel Fish conveyed to the complainant, Jacob H. Horton, the realty situated in East Providence, and described in the bill of complaint ; Horton being a *bonâ fide* purchaser.

July 1, 1880, Walker assigned his title in and to the mortgage, and the note secured thereby, to the respondent, Reed, and also his title in and to the land attached and taken on execution, in order to quiet the claims of Reed, who asserted title to said land under his deed from Fish.

Thereupon Reed advertised the mortgaged land for sale, under

the powers in the mortgage deed, and the complainant filed this bill in equity to enjoin the sale.

*October* 12, 1881. PER CURIAM. We think the cases cited for the complainant from the Massachusetts Reports[1] clearly show that under the General Statutes of Massachusetts, as construed by the Supreme Judicial Court of that State, the attachment has priority over the unrecorded deed, previously executed, notwithstanding that the deed was subsequently, before judgment, recorded. The question of what is the law of Massachusetts is a question of fact, to be decided on evidence, and on such a question we can have no better evidence than the decisions of the highest judicial court of the State. We therefore find that the attachment has priority, and grant the injunction prayed for by the bill. · *Decree accordingly.*

*Harmon S. Babcock*, for complainant.
*Edwin C. Pierce*, for respondents.

[1] *Cushing* v. *Hurd*, 4 Pick. 253; *Sigourney* v. *Larned*, 10 Pick. 72; *Curtis* v. *Munday*, 3 Met. 405; *Lawrence* v. *Stratton*, 6 Cush. 163, 167; *Sibley* v. *Leffingwell*, 8 Allen, 584; *Woodward* v. *Sartwell*, 129 Mass. 210.