At issue is a lease, made in 2002, for a term exceeding seven years, which was not recorded at the registry of deeds. The plaintiffs, BayState Discounts, Inc. (BayState) and Essex Development Nominee Trust (Essex), colessees, commenced an action seeking judicial enforcement of the lease against Haven Real Estate Group, LLC (Haven), the defendant, which purchased the subject real estate in 2011: an eight-story building and related land parcel. Haven, moving for partial summary judgment,[3] asserted that it had made the purchase without notice of the lease, and thus, under G. L. c. 183, § 4, the lease was invalid as against Haven. After a hearing, a judge allowed Haven's motion and dismissed the plaintiffs' complaint. BayState and Essex appeal.
Based on our de novo review, we conclude there is a genuine issue of fact whether Haven had actual notice of the 2002 lease when it purchased and took title to the property in 2011. We therefore reverse.
1. Facts. Briefly stated, the undisputed material facts established on the summary judgment record are thus. In 2002, Baystate Heritage Trust (Heritage), as the lessor, and Essex, as lessee, entered into a written lease contract as to certain space in an eight-story building in Lawrence. Located at 11-21 Lawrence Street, this mixed-use building[4] and parcel of land (hereinafter the property) was then owned by Heritage. The leased premises, known as unit 1B, are situated on the first floor and basement of this building. The lease was for a term of thirty years, starting March 1, 2002, and ending on February 28, 2032;[5] the lease was never recorded. Haven purchased the property at a foreclosure sale in 2011.[6] Thereafter, Haven, BayState, and Essex quarreled over an array of issues involving the premises.[7] They later outlined their respective claims in writing: BayState and Essex served a G. L. c. 93A demand letter on Haven, which in turn issued a response. This suit followed.
2. Trial court proceedings. By their verified complaint, the plaintiffs, BayState and Essex, alleged that Haven had not only breached the lease contract, but had also engaged in unlawful conduct, including a violation of G. L. c. 93A, causing harm to them. With its answer, Haven asserted a counterclaim against BayState for breach of the lease and violation of c. 93A. In its pleading, Haven did not assert that the lease was invalid.
Later, in moving for partial summary judgment, Haven asserted that the lease was invalid and offered the testimony of its sole member and officer, Albert Adriani.[8] Adriani had submitted Haven's winning bid for the note at a July, 2009, online auction.
Adriani acknowledged that records or "documents" pertaining to the property were made available to him prior to the auction. He flatly denied that the lease was among the records he viewed at that time. Adriani further testified that the lease was not a part of the closing documentation that Haven had relied on in foreclosing on the property.
Opposing Haven's motion, BayState and Essex brought out the fact that a "certified rent roll" for the 11-21 Lawrence Street building was made available to Adriani in July, 2009, prior to the mortgage note being offered for sale at auction. That Adriani was aware of, and personally saw the certified rent roll, prior to bidding, is not refuted by any other material in the summary judgment record. The plaintiffs offered the certified rent roll as an exhibit at the evidentiary hearing. The rent roll listed "Bay State Discount" as a tenant on the first floor, indicated the "net rentable" square footage was "4,000," identified the lease start date as "5/1/2002" and the end date as "2/28/2032," and provided that the amount of BayState's annual base rent was "$54,000."[9]
3. Standard of review. We review a grant of summary judgment de novo. Chambers v. RDI Logistics, Inc., 476 Mass. 95, 99 (2016). We must determine "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law." Ibid. (quotation omitted).[10]
4. Discussion. It has long been the law in this Commonwealth that an unrecorded lease for a term of more than seven years (or other similar instrument) is invalid against any person, except, as is pertinent here, those who have "actual notice" of it. See Curtis v. Mundy, 3 Met. 405, 407 (1841) ; George v. Kent, 7 Allen 16, 18-19 (1863) ; Tramontozzi v. D'Amicis, 344 Mass. 514, 517 (1962) ; Bank of America, N.A. v. Casey, 474 Mass. 556, 560-561 (2016). This ancient principle is now embodied in G. L. c. 183, § 4,[11] the recording statute for nonregistered land.[12]
Although § 4 does not define "actual notice," the statutory term has been construed by the Supreme Judicial Court and this court. See Emmons v. White, 58 Mass. App. Ct. 54, 65 (2003) (collecting cases).[13] "Actual notice is a question of fact." Ibid., citing McCarthy v. Lane, 301 Mass. 125, 128 (1938). Actual notice is satisfied by "[i]ntelligible information of a fact, either verbally or in writing, and coming from a source which a party ought to give heed to." Emmons v. White, supra, quoting from George v. Kent, 7 Allen at 18. See Commonwealth Elec. Co. v. MacCardell, 450 Mass. 48, 52 (2007). We conclude that the rent roll here could permit a trier of fact to reasonably find that Haven had actual notice of the lease when Haven purchased the property in 2011.[14] Summary judgment was therefore inappropriate based on this record.
So much of the judgment that dismissed counts 5 and 6 of the complaint is affirmed. In all other respects, the judgment is reversed.[15]

Prior to this motion, a judge had granted Haven partial summary judgment on counts 5 and 6 of the plaintiffs' complaint (retaliatory eviction and intentional infliction of emotional distress). As BayState and Essex do not contest that initial ruling, we do not consider it.

The building has both commercial and residential units.

According to the plaintiffs, the original term of the lease was thirty years, ending in the year 2032 (as reflected in the rent roll; see discussion, infra ); by amendment in 2005, the term was reduced to eighteen years, ending in 2020. Essex assigned the amended lease to BayState in August, 2011.

Haven had previously acquired the related mortgage note at an auction in July, 2009.

Among other issues, allegedly, in June of 2014, Haven "shut off the electricity to the three air conditioning compressors" that provided air conditioning to the premises (BayState's store) and demanded that BayState further "amend" the lease by imposing the cost of all electric service on the lessees, not the lessor.

Prior to ruling on the motion for partial summary judgment, the judge conducted an evidentiary hearing, without objection from either side. Compare Sullivan v. Boston Gas Co., 414 Mass. 129, 130 n.2 (1993).

The rent roll's facts and figures respecting the tenancy have not been contested by either side. The rent roll reflected the original thirty-year lease term. (See note 4, supra.)

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and responses to requests for admissions ... together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002).

Section 4 provides, in relevant part:
"[A lease] for more than seven years from the making thereof ... shall not be valid as against any person, except... persons having actual notice of it, unless [the lease] ... or[ ] a notice of lease ... is recorded in the registry of deeds" (emphasis supplied).
G. L. c. 183, § 4, as amended through St. 1986, c. 557, § 163.

The property is nonregistered land.

As to the history of the phrase "and persons having actual notice," which appears in § 4, the Supreme Judicial Court has pointed out that this phrase "merely put in statutory form what already had been declared by judicial exposition." Wenz v. Pastene, 209 Mass. 359, 362 (1911).

The rent roll, which Haven admittedly saw in July, 2009, contains essentially the same information that would be found in an appropriate notice of lease under § 4. For recording purposes, a notice of lease includes information such as the date of the execution of the lease, a description of the premises demised, the term of the lease, and the date of its commencement. See G. L. c. 183, § 4. See also Mendler, Massachusetts Conveyancers' Handbook § 6.20, at 98-99 (4th ed. 2008).

Haven's request for appellate attorney's fees and costs is denied.