NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11943


BANK OF AMERICA, N.A.  vs.  DEBORA A. CASEY, trustee.[1]



February 11, 2016. - June 16, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, &
Hines, JJ.



Mortgage, Validity.  Real Property, Mortgage.



Certification of questions of law to the Supreme Judicial
Court by the United States Court of Appeals for the First
Circuit.


Adam C. Ponte for the defendant.
Mark B. Johnson for the plaintiff.
Lawrence P. Heffernan & Danielle Andrews Long, for The
Abstract Club & another, amici curiae, submitted a brief.


BOTSFORD, J.  We consider two questions certified to this

court by the United States Court of Appeals for the First

Circuit (First Circuit).[2]  The questions, which arise in

_____

[1] Of the bankruptcy estate of Alvaro M. Pereira.

[2] Supreme Judicial Court Rule 1:03, as appearing in 382
Mass. 700 (1981), provides in relevant part:  "This court may
answer questions of law certified to it by . . . a Court of

connection with a bankruptcy proceeding, concern the power and effect of an affidavit of an attorney executed pursuant to G. L. c. 183, § 5B, in relation to a mortgage containing a defective certificate of acknowledgment.  The two questions ask:

> "1.  May an affidavit executed and recorded pursuant to [G. L. c.] 183, § 5B, attesting to the proper acknowledgment of a recorded mortgage containing a Certificate of Acknowledgment that omits the name of the mortgagor, correct what the parties say is a material defect in the Certificate of Acknowledgment of that mortgage?

> "2.  May an affidavit executed and recorded pursuant to [G. L. c.] 183, § 5B, attesting to the proper acknowledgment of a recorded mortgage containing a Certificate of Acknowledgment that omits the name of the mortgagor, provide constructive notice of the existence of the mortgage to a bona fide purchaser, either independently or in combination with the mortgage?"

For the reasons that follow, we answer both questions yes, in certain circumstances.[3]

1.  Background.[4]  By quitclaim deed dated September 29, 1999, Alvaro and Lisa Pereira (collectively, Pereiras) acquired title to the property located at 107 Colonial Drive in New

---

Appeals of the United States . . . when requested by the certifying court if there are involved in any proceeding before it questions of law of this State which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court."

[3] We acknowledge the amicus brief submitted by The Abstract Club and the Real Estate Bar Association for Massachusetts, Inc., in support of Bank of America, N.A. (bank).

[4] The facts are taken from the record on appeal and are undisputed.

Bedford (property). On October 1, 1999, the deed was recorded with the Southern Bristol County registry of deeds (registry). On December 27, 2005, the Pereiras refinanced the property, granting to Bank of America, N.A. (bank), a mortgage in the principal amount of $240,000. The Pereiras individually initialed the bottom of each page of the mortgage agreement except the signature page, on which the full signature of each appears. Attorney Raymond J. Quintin also signed this page, as witness to the Pereiras' execution of the mortgage. The mortgage agreement contains a certificate of acknowledgment (acknowledgment) on a separate page. The Pereiras individually initialed the acknowledgment page at the bottom, but the acknowledgment itself is blank in the space designated for the names of the persons appearing before the notary public, and the Pereiras' names do not appear elsewhere on the page.[5] Quintin

---

[5] The certificate of acknowledgment (acknowledgment) is a preprinted page of the mortgage agreement, and provides as follows:

"COMMONWEALTH OF MASSACHUSETTS          <u>Bristol</u> County, ss.

   "On <u>this 27</u> day of <u>December, 2005</u>, before me, the
   undersigned notary public, personally appeared

   "[BLANK]

   "through satisfactory evidence of identification, which
   was/were <u>MA Driver's Lic</u>, proved to me to be the person(s)
   whose name(s) is/are signed on the preceding document, and
   acknowledged to me that he/she/they signed it voluntarily
   for its stated purpose.

notarized the acknowledgment, affixing his signature and his notary public seal.[6]  The mortgage agreement, with the acknowledgment included, was recorded in the registry on December 28, 2005.

On January 19, 2012, Quintin caused to be recorded in the registry an affidavit titled "Attorney's Affidavit, M.G.L. Ch. 183, Sec. 5B" (attorney's affidavit) that was dated January 11, 2012.  The attorney's affidavit states in relevant part:

> "I, Raymond J. Quintin, do under oath depose and say that I am a practicing [a]ttorney . . . ; that I have personal knowledge of the facts stated herein; that they are relevant to the title to land in the property described herein; and that this affidavit will be of benefit to clarify the chain of title; and do hereby under oath depose and say as follows:

> "1.  On December 27, 2005, I witnessed the execution of a [m]ortgage from Lisa M. Pereira and Alvaro M. Pereira to Bank of America, N.A. in the original principal amount of $240,000.00, for the property located at 107 Colonial Drive, New Bedford . . . .  I subsequently recorded this mortgage at the [registry] on December 28, 2005, in Book 7940, Page 14.

---

"My Commission Expires:  _July 10, 2009_

"_/s/ Raymond J. Quintin_
"Notary Public, _Raymond J. Quintin_"

Words above that appear to be typed onto the preprinted page are identified by emphasis.

[6] See note 5, supra.

"2.  Through inadvertence, the names of the parties executing this mortgage, Lisa M. Pereira and Alvaro M. Pereira, were omitted from the notary clause.

"3.  I hereby certify that I witnessed their signatures on said mortgage, that they provided satisfactory evidence of their identity to me, and that they acknowledged that they signed said mortgage voluntarily.

"Signed under the pains and penalties of perjury this 11th day of January, 2012.

"/s/ Raymond J. Quintin
"Raymond J. Quintin"[7]

Approximately six months later, in July, 2012, Alvaro Pereira (debtor) filed a voluntary petition in the United States Bankruptcy Court for the District of Massachusetts, Eastern Division (Bankruptcy Court), seeking bankruptcy relief pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 301 et seq. (2012) (Chapter 7).  In September, 2012, Debora Casey, the Chapter 7 trustee (trustee), filed an adversary complaint in the bankruptcy action, seeking to avoid the 2005 mortgage granted by the Pereiras to the bank on the ground that the mortgage contained a material defect, namely, the omission of the mortgagors' names from the acknowledgment.  On April 16, 2013, the bank filed a motion for summary judgment, arguing that any material defect in the mortgage was cured by Quintin's attorney's affidavit.  The trustee opposed the motion, and after a hearing, a judge in the Bankruptcy Court granted summary

---

[7] The affidavit is notarized by a notary public identified as Sara B. O'Leary.

judgment to the trustee, concluding that the material defect in the mortgage -- the incomplete acknowledgment -- was not cured, and could not be cured, by the attorney's affidavit.  Ruling on the bank's appeal, a judge in the United States District Court for the District of Massachusetts (District Court) reversed and granted summary judgment to the bank, based on the judge's determination that Quintin's attorney's affidavit did clarify the chain of title and in substance cured the material defect in the mortgage created by the absence of the mortgagors' names from the acknowledgment.  Bank of Am., N.A. v. Casey, 517 B.R. 1 (D. Mass. 2014).  The trustee appealed to the First Circuit, which concluded that a proper resolution of the appeal turned on undecided issues of Massachusetts law and accordingly certified to this court the two questions previously set out.

2.  Discussion.  The starting point for both of the First Circuit's questions is that a recorded mortgage, like the Pereiras,' that omits the names of the mortgagors from the mortgage's certificate of acknowledgment contains a material defect.  Both questions then focus on whether and, if so, how an attorney's affidavit prepared pursuant to G. L. c. 183, § 5B (§ 5B), may affect the material defect and the recording of the mortgage.[8]  Before turning to the questions, it is useful to

---

[8] General Laws c. 183, § 5B (§ 5B), provides in relevant part:

summarize certain principles relating to deeds and mortgages that provide context for the questions.

Under Massachusetts law,

"[t]itle to real estate may be transferred by a deed which has not been acknowledged or which contains a certificate showing a defective acknowledgement, and the deed is good against the grantor and his heirs and those having actual notice, G. L. (Ter. Ed.) c. 183, § 4 . . . ; but the grantor must acknowledge that he has executed the instrument as his free act and deed, and a certificate reciting that the grantor appeared before the officer making the certificate and made such acknowledgment must be attached to the instrument in order to entitle it to be recorded, G. L. (Ter. Ed.) c. 183, § 29; . . . so that notice of the conveyance shall be given to all the world. . . .  The certificate of acknowledgment furnishes formal proof of the authenticity of the execution of the instrument when presented for recording" (citations omitted).

McOuatt v. McOuatt, 320 Mass. 410, 413 (1946).  Although mortgages are not specifically mentioned in G. L. c. 183, § 4,[9]

---

"[A]n affidavit made by a person claiming to have personal knowledge of the facts therein stated and containing a certificate by an attorney at law that the facts stated in the affidavit are relevant to the title to certain land and will be of benefit and assistance in clarifying the chain of title may be filed for record and shall be recorded in the registry of deeds where the land or any part thereof lies."

[9] General Laws c. 183, § 4, provides in relevant part:

"A conveyance of an estate in fee simple, fee tail or for life, or a lease for more than seven years from the making thereof, or an assignment of rents or profits from an estate or lease, shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it

referenced in the quoted passage from McOuatt, that statute applies to mortgages, and requires that a mortgage be recorded in the appropriate registry of deeds in order to provide effective notice to anyone beyond the parties to the mortgage transaction and those with actual notice of it.  See Tramontozzi v. D'Amicis, 344 Mass. 514, 517 (1962).  In other words, unless a mortgage is recorded, it does not provide constructive notice of its existence.

General Laws c. 183, § 29, also referenced in the quoted passage from McOuatt, provides:

> "No deed shall be recorded unless a certificate of its acknowledgement or of the proof of its due execution, made as hereinafter provided, is endorsed upon or annexed to it, and such certificate shall be recorded at length with the deed to which it relates . . . ."[10]

> . . . is recorded in the registry of deeds for the county or district in which the land to which it relates lies."

[10] The bank acknowledges that, as Tramontozzi v. D'Amicis, 344 Mass. 514, 517 (1962), states, a mortgage must be recorded to provide constructive notice, but argues that G. L. c. 183, § 29, applies only to "deeds" and not to mortgages.  The bank is incorrect.  Although § 29 expressly refers only to the recording of a deed, under Massachusetts law the effect of a mortgage is to transfer legal title of the mortgage property from the mortgagor to the mortgage holder, and in that sense a mortgage is a document of title transfer that operates as a deed.  See, e.g., Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 575-576 (2012), and cases cited.  Accordingly, in order to be properly recorded, a mortgage must have endorsed upon or annexed to it a certificate of acknowledgment pursuant to § 29.

The acknowledgment required for proper recording of a mortgage by § 29 need not take any one specific form.  See G. L. c. 183, § 42.

The reason for requiring a certificate of acknowledgment to be appended to a deed as a condition of the deed's proper recording is most fundamentally to ensure that public notice of the transfer of title to the land, appearing in the registry's record, is accurate.  See Pidge v. Tyler, 4 Mass. 541, 543, 545-546 (1808).  See also McOuatt, 320 Mass. at 414-415.  This reason applies with equal force to mortgages.  See In re Giroux, U.S. Bankr. Ct., No. 08-14708-JWF, slip op. at 12-16 (D. Mass. May 21, 2009), aff'd, U.S. Dist. Ct., No. 09-CV-10988-PBS (D. Mass. Nov. 17, 2009).

a.  Question 1.  The first question asks whether an attorney's affidavit like Quintin's, executed and recorded pursuant to § 5B and attesting to the proper acknowledgment of a recorded mortgage that, as originally executed and recorded, omitted the name of the mortgagor from the acknowledgment and thereby contained a material defect, may correct that omission and thereby the material defect.  The trustee argues that the answer to this question must be no.  Although she does not dispute the veracity of any of the facts averred in Quintin's attorney's affidavit -- i.e., she does not question that Quintin, in fact, did witness the Pereiras' voluntary execution

of the mortgage agreement with the bank on December 27, 2005 -- she contends that the affidavit nonetheless does not and legally cannot cure the defect reflected in the acknowledgment. She advances three reasons in support of her position that we next discuss; we disagree with each of them.

   i. "Functus officio."[11] The trustee argues that the doctrine or principle of "functus officio" prohibits a public official, including a notary public such as Quintin, from unilaterally recording what essentially constitutes a formal reacknowledgment of the mortgage agreement without the assent of the mortgagors, here the Pereiras.[12] Functus officio is a common-law principle that has been referenced in our cases since at least the early Nineteenth Century. In those early cases, the term appeared to signify that because of identified actions taken by one or more relevant parties, a particular pleading (e.g., a writ) or document with legal significance (e.g., a note or mortgage) was of no further legal effect and could not be the

---

   [11] The bank argues that the trustee waived any argument concerning the principle of "functus officio" by failing to raise it in the earlier proceedings in this case. Waiver in this instance is a matter for the United States Court of Appeals for the First Circuit (First Circuit) to decide; to answer the First Circuit's questions, we consider here the trustee's functus officio argument.

   [12] "Functus officio" is defined as "without further authority or legal competence because the duties and functions of the original commission have been fully accomplished." Black's Law Dictionary 787 (10th ed. 2014).

basis of any subsequent legal action.  See, e.g., Kidder v.
Browne, 9 Cush. 400, 401-402 (1852) (writ filed by plaintiff
after statutory deadline for filing was functus officio);
Claflin v. Godfrey, 21 Pick. 1, 8-9 (1838) (where note or
mortgage was paid off, it was functus officio, i.e., no longer
operative); Clark v. Lyman, 10 Pick. 45, 47-48 (1830)
(attachment of property with altered writ of attachment in
violation of statute was functus officio).  Currently, the
principle appears to be used primarily, if not exclusively, in
relation to arbitration awards and the power of an arbitrator.[13]
In this context, functus officio has been defined as meaning
"that an arbitrator is without power to modify his final award
except where the controlling statute or the parties authorize
modification."  Ciampa v. Chubb Group of Ins. Cos., 26 Mass.
App. Ct. 941, 941 (1988).  See Connecticut Valley Sanitary Waste
Disposal v. Zielinski, 436 Mass. 263, 268 (2002).  Cf. Eastern
Seaboard Constr. Co. v. Gray Constr., Inc., 553 F.3d 1, 4 & n.2
(1st Cir. 2008) (Federal Arbitration Act).

We conclude that the principle of functus officio does not
apply here for two reasons.  First, as just suggested, it is

---

[13] Our research has not uncovered any case since 1926 in
which a Massachusetts appellate court has applied the principle
of functus officio outside the arbitration context.  See
Kalbritan v. Isidor, 255 Mass. 494, 497-498 (1926) (execution
issued in "poor debtor" proceeding was functus officio where it
failed to show that time required by statute was allowed).

doubtful the principle continues to be recognized outside the arbitration context.[14]  Second, § 5B, by its terms (see note 8, supra), appears to contemplate that an attorney's affidavit prepared and recorded in accordance with the requirements of that statute, by "clarifying" the chain of title, will necessarily alter at least in some respect that chain of title as it is reflected in the documents previously recorded.  In other words, when its requirements are met, § 5B effectively supersedes any continuing common-law functus officio principle in this arena.  See, e.g., Coburn v. Palmer, 10 Cush. 273, 275 (1852) ("the common law remains in force in all the cases in which the statutes have not altered it").

ii.  Curative provisions and effect of § 5B affidavit.  The trustee argues the following:  the omission of the mortgagor's name in the acknowledgment is a material defect that renders invalid the recording of the mortgage to which the acknowledgment is affixed; a § 5B attorney's affidavit like Quintin's in this case is insufficient to correct such a defect

---

[14] There is some question whether the functus officio principle continues to operate even within the arbitration context.  See Eastern Seaboard Constr. Co. v. Gray Constr., Inc., 553 F.3d 1, 4 (1st Cir. 2008), citing and quoting Glass, Molders, Pottery, Plastics, & Allied Workers Int'l Union, AFL-CIO, CLC, Local 182B v. Excelsior Foundry Co., 56 F.3d 844, 846 (7th Cir. 1995) (functus officio doctrine is "riddled with exceptions . . . [and] is hanging on by its fingernails").

because G. L. c. 184, § 24,[15] prescribes the sole means of curing a defect in an acknowledgment; relief under § 24 was not pursued here, and therefore, the recording of the Pereiras' mortgage remained legally defective at the time the debtor filed his Chapter 7 petition; and accordingly, the trustee, through the exercise of her statutory "strong-arm" powers, see 11 U.S.C. § 544(a)(3) (2012),[16] was entitled to avoid the mortgage for the

---

[15] General Laws c. 184, § 24, as amended by St. 1964, c. 311, § 1, provides in relevant part:

> "When any owner of land the title to which is not registered, or of any interest in such land, signs an instrument in writing conveying or purporting to convey his land or interest . . . and the instrument, whether or not entitled to record, is recorded, and indexed, in the registry of deeds . . . , and a period of ten years elapses after the instrument is accepted for record, and the instrument or the record thereof because of defect, irregularity or omission fails to comply in any respect with any requirement of law relating to . . . the validity of . . . [a] certificate of acknowledgment . . . , such instrument and the record thereof shall notwithstanding any or all of such defects, irregularities and omissions, be effective for all purposes to the same extent as though the instrument and the record thereof had originally not been subject to the defect, irregularity or omission, unless within said period of ten years a proceeding is commenced on account of the defect, irregularity or omission, and notice thereof is duly recorded in said registry of deeds and indexed and noted on the margin thereof under the name of the signer of the instrument and, in the event of such proceeding, unless relief is thereby in due course granted."

[16] Title 11 U.S.C. § 544(a)(3) (2012) provides:

> "(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or

benefit of the bankruptcy estate because the mortgage did not represent a perfected security interest held by the bank.

We disagree with the premise of the trustee's argument that § 24 provides the sole means by which to cure a defect in an acknowledgment of a mortgage; rather, as the Federal District Court judge concluded, § 24 in effect creates a statute of repose to protect the chain of title to real property from attenuated challenges. The ten-year period stated in § 24 simply allows those individuals whose rights have been affected by the purported conveyance to commence a proceeding to vindicate their rights, but once ten years have elapsed, the rights of those parties to challenge the validity of the conveyance are lost. See Opinion of the Justices, 360 Mass. 894, 899 (1971) (describing § 24 as "curative legislation providing for saving periods during which existing rights can be preserved"). See also Nett v. Bellucci, 437 Mass. 630, 639 (2002) ("The purpose of a statute of repose is to give particular types of defendants the benefit of a date certain on

_____

may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by --

". . .

    "(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

which their liability for past conduct will definitively come to an end").  Nothing in the language of § 24 states or implies that it defines the exclusive permissible method of curing any and all defects that may exist in an acknowledgment.  Indeed, the Legislature has enacted statutes in addition to § 24 that provide solutions to certain types of problems relating to acknowledgments; in this regard, see G. L. c. 183, §§ 36, 37.[17]  We consider § 5B to be another example of such a statute, providing a method to correct certain types of errors that may affect the validity of an acknowledgment that accompanies or is annexed to a recorded deed or mortgage.

The question then becomes, what types of errors relating to a defective acknowledgment may properly be corrected with an attorney's affidavit prepared and recorded under § 5B.  The answer derives from the text of § 5B, and in particular, the requirements that (1) facts contained in the affidavit must be based on the personal knowledge of the affiant; and (2) the affidavit include a certification by an attorney that the facts stated are both relevant to the title of specifically identified property and "will be of benefit and assistance in clarifying

---

[17] General Laws c. 183, § 36, provides a method for curing a grantor's refusal to acknowledge his or her deed by permitting a subscribing witness to testify that the deed was duly executed; G. L. c. 183, § 37, provides that where a grantor refuses to acknowledge his or her deed, due execution may be shown by proving the handwriting of the grantor and of a subscribing witness.

the chain of title."  The Legislature's choice of the word "clarifying"[18] suggests that the attorney's affidavit must be limited to facts that explain what actually occurred, and are not inconsistent with the substantive facts contained in the original document.[19]  See <u>Allen</u> v. <u>Allen</u>, 86 Mass. App. Ct. 295, 299-300, 305-308 (2014) (facially proper acknowledgment, reflecting grantor signed deed in presence of notary, deemed invalid where evidence established grantor in fact did not execute deed in notary's presence on date stated in deed).

Here, the undisputed facts indicate that the § 5B attorney's affidavit recorded by Quintin was sufficient to correct or cure the defect in the acknowledgment and, in turn, the recording of the mortgage given by the Pereiras to the bank.

___

[18] To "clarify" means "to free (the mind or understanding) of confusion, doubt, or uncertainty"; "to explain clearly:  make understandable"; or "to make less complex or less ambiguous." Webster's Third New International Dictionary 415 (1993).

[19] In two recent cases, this court has approved the use of an attorney's affidavit to clarify compliance with statutory requirements relating to mortgages that appear in the chain of title.  See <u>Pinti</u> v. <u>Emigrant Mtge. Co</u>., 472 Mass. 226, 244 (2015) (in connection with mortgage foreclosure proceeding, mortgage holder may record attorney's affidavit to demonstrate compliance with notice provisions of paragraph 22 of standard mortgage); <u>Eaton</u>, 462 Mass. at 589 n.28 (mortgage holder may use attorney's affidavit to establish it held note or was agent of note holder at time of foreclosure sale).  These decisions serve to illustrate the point we make here, which is that § 5B permits attorney's affidavits to explain a set of existing facts relevant to the chain of title where the facts had not been stated explicitly in the property record, whether through inadvertent omission or mistake or because no document previously called for them.

The defect in the acknowledgment was the omission of the names of the mortgagors; Quintin's attorney's affidavit supplies the missing information and confirms that all the steps necessary to acknowledge the mortgage properly were taken, namely, that the mortgagors, Lisa M. Pereira and Alvaro Pereira, personally appeared before the affiant, Quintin; that Quintin confirmed their identities; that he witnessed them execute the mortgage agreement; and that they did so voluntarily.  The affidavit also attests that the omission of the mortgagors' names was inadvertent, and, finally, references the book and page number of the previously recorded mortgage -- a step that enables the two documents to be connected, thereby effectuating the intended clarification of the chain of title.

iii.  <u>Illegally recorded mortgage</u>.  Finally, the trustee argues that because the defect in the certificate of acknowledgment precluded the mortgage to which it was annexed from being legally recorded, see G. L. c. 183, § 29, the mortgage did not and could not enter the chain of title relating to the property.  As a consequence, she claims, nothing exists on record to be "clarified" by an attorney's affidavit recorded pursuant to § 5B.  See In re Mbazira, U.S. Bankr. Ct., No. 13-16586-WCH (D. Mass. Mar. 31, 2015) ("[I]f a [mortgage] is improvidently recorded due to a defective acknowledgement, the court must honor [G. L. c. 183, § 29,] by adopting a fiction

that the [mortgage] is unrecorded and outside the chain of title"). We disagree. As indicated previously, we have accepted the premise on which the First Circuit's questions are based, namely, that the omission of the names of the mortgagors in an acknowledgment is a material defect. It follows that under G. L. c. 183, § 29, the defect should operate to preclude the legal recording of the mortgage. For the reasons previously discussed, however, an attorney's affidavit filed and recorded pursuant to § 5B that supplies the omitted names of the mortgagors, explains the circumstances of the omission, and confirms that in fact the affiant did witness the voluntary execution of the mortgage by the mortgagors on the date stated operates to cure the original defect in the acknowledgment. The curing of the defect in the acknowledgment also cures the defect in the original recording of the mortgage, and the mortgage thereafter is properly considered within the mortgage property's chain of title.[20]

---

[20] General Laws c. 183, § 29, requires that a certificate of acknowledgment be "endorsed upon or annexed to" the recorded mortgage (emphasis added). It could be argued that even where an attorney's affidavit supplies necessary information that was omitted inadvertently from the original acknowledgment, it cannot cure that original defect because the attorney's affidavit, recorded at some time after the original acknowledgment was recorded, is by definition not "endorsed upon or annexed to" the mortgage itself. We agree with the Federal District Court judge, however, that where, as here, the attorney's affidavit explicitly references the book and page numbers where the mortgage and original acknowledgment were

b.  Question 2.  The second question asks whether an attorney's affidavit, attesting to the proper acknowledgment of a previously recorded mortgage accompanied by an acknowledgment that omitted the name of the mortgagor, may provide constructive notice to a bona fide purchaser of the existence of the mortgage, by itself or in combination with the mortgage.

We answer as follows.  As applied to the chain of title to real property, constructive notice arises by operation of law under G. L. c. 183, § 4, in any case where the mortgage is properly recorded.[21]  See Allen, 86 Mass. App. Ct. at 298-300, and cases cited.  See also Tramontozzi, 344 Mass. at 517.[22]  If a deed or mortgage is recorded without an acknowledgment, it is

---

recorded, the affidavit is properly deemed "annexed" to the mortgage.

[21] "Constructive notice" is defined as "[n]otice arising by presumption of law from the existence of facts and circumstances that a party had a duty to take notice of, such as a registered deed or a pending lawsuit; notice presumed by law to have been acquired by a person and thus imputed to that person."  Black's Law Dictionary 1227 (10th ed. 2014).

[22] Cf. In re Ryan, 851 F.2d 502, 506-507 (1st Cir. 1988), quoting Tiffany's Law of Real Property § 1284, at 50 (B. Jones ed. 1939) ("It would seem that one might properly be said to have actual notice when he has information in regard to a fact, or information as to circumstances an investigation of which would lead him to information of such fact, while he might be said to have constructive notice when he is charged with notice by a statute or rule of law, irrespective of any information which he might have, actual notice thus involving a mental operation on the person sought to be charged, and constructive notice being independent of any mental operation on his part" [emphasis in original]).

not properly recorded, see G. L. c. 183, § 29, and does not provide constructive notice. See, e.g., Graves v. Graves, 6 Gray 391, 392-393 (1856) ("But the instrument of defeasance, not being acknowledged, was improvidently admitted to registration, and the record does not operate as constructive notice of the execution of the assignment of the equity of redemption, as against an attaching creditor of the equity; and therefore the title of the attaching creditor, though subsequent in time, takes precedence of the assignment"). See also McOuatt, 320 Mass. at 413-414. Similarly, a mortgage recorded with an acknowledgment that contains a material defect is not properly recorded and does not provide constructive notice of the mortgage. See id. at 415 (where lack of proof that grantor in fact acknowledged conveyance of property to his wife as his free act and deed, deed was not properly acknowledged; although deed with acknowledgement was recorded, no effect could be given to it). See also Allen, 86 Mass. App. Ct. at 299-300 (although deed was accompanied by facially correct acknowledgement, where proper acknowledgement never actually occurred, deed not entitled to be recorded).

As our answer to the first question indicates, where, as here, the attorney's affidavit complies with the formal requirements of § 5B, attests to facts that clarify the chain of title by supplying information omitted from the originally

recorded acknowledgement, and references the previously recorded mortgage, the affidavit -- not by itself but in combination with that mortgage -- provides legally adequate constructive notice to a bona fide purchaser or, here, a trustee in bankruptcy. This is so because the prior recording of the mortgage has been remedied and is deemed proper through the curative effect of the affidavit.[23]

3. Conclusion. We respond to the certified questions as follows.

An attorney's affidavit filed pursuant to G. L. c. 183, § 5B, attesting to the proper acknowledgment of a recorded mortgage that has annexed to it an acknowledgment that omitted the mortgagors' names, in certain circumstances (such as those

---

[23] It is important to note that even though a § 5B affidavit purportedly correcting a defect in a mortgage acknowledgement, in combination with the original mortgage, may provide constructive notice of the mortgage to a trustee in bankruptcy or a bona fide purchaser more generally, the trustee or bona fide purchaser may still challenge -- as the trustee here has done -- the validity of the acknowledgement, and thereby the existence of constructive notice. See McOuatt v. McOuatt, 320 Mass. 410, 413 (1946) ("The certificate of acknowledgment furnishes formal proof of the authenticity of the execution of the instrument when presented for recording. The certificate of acknowledgment is of evidentiary character, and the taking of the acknowledgment has always been regarded in this Commonwealth as a ministerial and not as a judicial act and the recitals contained in the certificate may be contradicted"). If the challenge were successful, the uncorrected defect in the original acknowledgement would signify that the mortgage was not entitled to be recorded and, therefore, no constructive notice of the mortgage would exist. See id. at 415; Allen v. Allen, 86 Mass. App. Ct. 295, 299-300 (2014).

present in this case) may cure the defect in the acknowledgment and, in turn, effectuate a proper recording of the mortgage. Second, in a case in which the § 5B attorney's affidavit does cure the defect in the acknowledgment, the attorney's affidavit, considered in combination with the originally recorded mortgage, provides constructive notice of the existence of the mortgage to a bona fide purchaser; in a case where the attorney's affidavit does not cure the material defect in the acknowledgment, the affidavit, whether alone or in combination with the mortgage, does not provide constructive notice.

The Reporter of Decisions is directed to furnish attested copies of this opinion to the clerk of this court. The clerk in turn will transmit one copy, under the seal of the court, to the clerk of the United States Court of Appeals for the First Circuit, as the answer to the questions certified, and will also transmit a copy to each party.