Mr. Chief Justice Shaekev
delivered the opinion of the court.
This was an action of ejectment, brought by the Planters Bank against Pickett, to recover five hundred and twenty acres of land. The errors assigned are,
1. The court erred in permitting the introduction and reading of the deed, marked A, to the jury, from Harrison, the sheriff, to the Planters Bank, and in overruling the objection thereto.
2. The court erred in admitting as evidence to the jury the deed, marked B, from Harrison, sheriff, to the Planters Bank.
3. The court erred in refusing the instructions prayed for below, and,
4. The court erred in giving' judgment for the defendant in error, whereas, by the law of the land, it should have been for the plaintiff in error.
We must premise, in this case, that the bill of exceptions is very defective. It refers to certain instruments, introduced on the trial, designating them as being marked with certain letters of the alphabet, but the instruments are not incorporated in the bill of exceptions. Certain instruments of a like description, have been inserted in the record, but whether they are the same used on the trial we cannot know, as they are not communicated to this court through the proper medium. We should, therefore, feel much reluctance in reversing the judgment, were the errors ever so glaring. But an examination of the several *487 documents, introduced on the trial, has resulted in a conclusion that the judgment cannot, on account of their introduction, be reversed.
The first error assigned is, that the court improperly permitted the deed of the sheriff to the plaintiffs below to be read, because of a defect in the certificate of acknowledgment. The certificate is regular, with one exception. Instead of saying, “personally appeared before me, George Crockett, clerk of the probate court, in and for said county, the within or above-named A. G. Harrison, who acknowledged, &c.,” the clerk uses this language; “personally appeared before me, George Crockett, clerk of the probate court, in and for said county, whose name is subscribed to the within deed as such, who acknowledged that he signed, sealed, and delivered the same, &c.” The name of the sheriff is omitted, evidently by a clerical mistake, whilst the certificate is full and explicit, that the sheriff was the individual who signed the deed, and who made the acknowledgment before him. The statute lays down the form, it is true, but it also declares that if the acknowledgment is to the same effect as the form given, it will be sufficient. And it is believed that the certificate of the clerk is very nearly, if not entirely, to the effect required. But suppose it should be insufficient, does that alter the case ? The land claimed was purchased by the Planters Bank, under two different executions, and separate deeds taken, and if either be good, it is sufficient. The property was sold on the 5th of July, 1841, under both executions; under one execution, as the property of Ratcliff, and under the other as the property of Hawley. The judgment of Pope v. Ratcliff was rendered on the 24th February, 1838. The deed made under this judgment is the one which is said to be defective. The judgment in favor of the Planters Bank v. Hawley, was rendered on the 25th of November, 1836, and the deed under this judgment is regular. Ratcliff, it seems, was owner of the land when Pope recovered the judgment against him, and afterwards Hawley acquired title, so that the property was bound by both judgments. How or when Hawley acquired title does not very *488 distinctly appear, but the defendant himself traces his title to Hawley, by introducing a lease from Ferriday, who purchased from Carradine who was Hawley’s vendee, besides which, it appears that Hawley was in possession during the years 1836, 1837, and 1838. The defendant, therefore, is not in a condition to dispute Hawley’s title. Hawley, it seems, sold the land to Carradine, on the 21st of February, 1837. If the bank, then, acquired a good title under the sale of the property, as Haw-ley’s, of course it was sufficient.
But it is, in the second place, said that the court erred in permitting the deed of the sheriff for the land, as Hawley’s property, to be read to the jury. It appears, by the bill of exceptions, that the judgment and execution were both read. But it is insisted that this judgment was not a valid lien, because it had been declared inoperative in a suit between Michie and the Planters Bank, this being the case reported in 4 How. 130. It is a mistake to suppose that that adjudication can have any effect in favor of creditors who were not then before the court. We did not declare the judgment of the Planters Bank fraudulent and ■ void. The lien of the bank was declared “dormant as against the claim of Michie,” but that is the extent of the decision. The lien of the bank was not postponed as' against other persons. The bank was perfectly at liberty to proceed against any other property, except' that levied on by Michie, and accordingly it did sell on the 6th of July, 1841, under the judgment rendered in November, 1836, and the defendant even claims that this sale shall be vacated in favor of a judgment rendered against Ratcliff, in 1838, under which the same property was sold on the 16th of January, 1843, a year and a half after the bank had purchased under its older judgment. To sustain this position would be équivalent to declaring the judgment of the bank, and the sale under it, absolutely void; a declaration which we did not make in the case of Michie, and with still less propriety could we do it in this case, in favor of a sale made long after the bank had sold the same property.
In the third place, it is also said that the court erred in *489 refusing to give the instructions asked by the defendant’s counsel. The instruction asked and refused was this; that if the jury believed, from the evidence, that the judgment of P. B. Pope & Co. against Edward L. Ratcliff was rendered with a stay of execution six months, the lien of said judgment did not take effect until the expiration of the stay, and if they further believe, from the evidence, that James R. Biles and Charles E.„ Mount (defendant’s lessors) purchased the locus in quo, as the property of said Ratcliff, under a judgment rendered during the existence of said stay, then the said Biles and Mount acquired an outstanding title, and the jury should find for the defendant. This instruction was very properly refused. It has generally been contended that the object of the act of 1824, making judgments a lien, was to protect such lien during the stay, and that the statute did not apply to other judgments. We have, however, construed it to extend to all judgments. Beyond all’ question it does embrace judgments taken with a stay of execution.
It has been insisted, in argument, that there was no proof of the possession of the defendant below. Assuming that all the evidence is set out in the bill of exceptions, the objection would be well taken, but for one circumstance. The defendant proved that he had two leases; one from Biles and Mount, and the other from Ferriday, who derived title from Hawley. The leases must have been introduced to prove his right of possession, and furnish a presumption of possession so strong that we could not well reverse the judgment on that account. Besides, this was not a question raised in the court below, and it must therefore lose much of its force when raised for the first time in this court.
But it is also said that the plaintiff below was not entitled to judgment, because the land is not sufficiently described iri the declaration. It appears that the land was purchased of the United States, and we know that all the public lands, prior to sale, were surveyed into sections, and the law also provides how these sections shall be subdivided. The description of land, according to the number of the section, township and *490 range, of these public surveys, is the best description that can be given, because it may thus be identified to a positive certainty by record evidence. The declaration describes the land, first generally, byr .its vicinity to the lands of other persons, and then particularly, thus ; “ the W £ of the Nff | the SE| the E of the S W ¿ of section number twenty three and the W ¿ of the N W £ of section number twenty six township number eleven of range number one west.” The description may follow the description given in the certificate of entry. The letters and figures used may constitute the appropriate mode of describing land which has been entered, or their meaning may have been susceptible of proof if the question had been raised below, but it was not. But be this as it may, the sections,-township, and range, are given in full, and this is a sufficient, description, especially when it is to be remembered 'that the plaintiff in ejectment takes possession at his peril.
The judgment must be affirmed.