## MAGNESS VS. ARNOLD.

1. PLEADING: *Answer in Chancery, burden of proof, etc.*
   Under an answer containing denials of the allegations of the complaint, and affirmative averments, the burden of proof is on the plaintiff as to the former, and on the defendant as to the new matter.

2. DESCENT:
   Where one dies without issue, seized of a new acquisition, the mother, being the sole surviving parent, takes an estate for life, with remainder, first to the line of the paternal ancestor in postponement of the maternal line, until the former becomes extinct, and then to the maternal line.

3. CONVEYANCE: *Relinquishment of dower.*
   A deed executed by the husband of a tenant for life, in which the latter joins in a relinquishment of dower merely, does not convey her estate.

4. ———: *Acknowledgment.*
   Where the certificate of acknowledgment omits the name of the grantor, but shows that the party who appeared before the officer was the grantor, and refers to him by name in the wife's acknowledgment, it is sufficient.

APPEAL from *Independence* Circuit Court in Chancery.

Hon. CHARLES MINOR, Special Judge.

*U. M. Rose,* for appellant.

WALKER, J.:

James W. Magness filed his bill of complaint in the Independence Circuit Court, in which he claimed to be the sole and absolute owner of the north half of the southwest quarter of section eighteen, township twelve north, range four west, containing eighty acres; that he had been for a time previous and then was in actual occupancy of the same.

He further alleges that defendant Arnold claims to have title to the land by a quit-claim deed from Morgan Magness, but that in fact Magness never had any title to the land; that this pretended title is a cloud upon the title of plaintiff, with a prayer that it be removed and his title quieted.

It will be seen that the plaintiff rests his claim to relief upon the ground that he is the absolute owner of the land in fee simple, and in the actual possession of the same, and that the defendant, in fact, has no valid claim to the land.

The first two propositions are flatly denied by the answer, and the validity of defendant's title asserted. Defendant further insists that he was induced to purchase the land by the representations and assurances of the validity of the title of Morgan Magness, of whom he purchased, by William Arnold, under whom plaintiff claims title; and that but for. such representations and assurances, he would not have bought the land of Magness.

Upon this affirmative averment, the proof was upon the defendant; upon the question of title and possession, upon the plaintiff.

The case was heard upon evidence adduced by both parties, and a decree rendered for defendant, from which the case comes before us by appeal.

The first question for our consideration is: Has the plaintiff a fee simple estate in the land in controversy?

Referring to the evidence, we find that one Jonathan Magness by his first marriage had several children, amongst whom was his son Morgan Magness, with whom he resided in poverty until his death in 1834. He had been married a second time, and left his wife, Rebecca, his survivor, who, in the month of December, 1834, had a child, Mary Ann, to whom, on the 16th of August, 1838, a patent was issued for the land in dispute. The patent was issued upon a certificate of pre-emption granted to occupants and cultivators of the public lands, under an act of Congress of 1820. It is recited in the patent that the certificate of pre-emption was deposited in the land office of the United States by Mary Ann Magness, who had made full payment for the land.

If such was the case, then the land was a new acquisition. If, however, the pre-emption right was her father's, by virtue of his occupancy and cultivation, and the purchase money paid by him, or with the money of his estate after his death, then a question would arise, whether Mary Ann did not hold by descent, even though the patent may have been issued in her name. The fact is, that she was only about three and a half years of age when the patent was issued, and was, consequently, not the head of a family, or one who could have made the necessary residence and cultivation to entitle her to a pre-emption, nor, in fact, have paid the purchase money. But however this may be, if held as a new acquisition, upon her death her surviving parent only acquired a life estate in the land. Such is the express provision of our statute of descents, and such the decision of this court in the case of *Kelley's heirs* v. *McGuire and wife*, 15 Ark., 555. In that case our statute of descents was considered, and it was there held: That if the estate was ancestral, and came from the father's side, it went to the line from whence it came not in postponement, but in exclusion of the mother's line; or if from the mother's side, then to the line of the mother. But if not ancestral, and a new acquisition, after a life estate reserved in succession to the father and mother, if alive, it would go in remainder, first, to the line of the intestate's paternal uncles and aunts and their descendants, in postponement of the mother's line, until the former became extinct, and then in like manner to the mother's line.

In the case under consideration, the father being dead, the mother took a life estate in the land in controversy, and at her death it would go to the nearest relations on the father's side (if any).

Mary Ann died intestate and without issue. Morgan Magness, under whom the defendant claims title, being a half-brother on the father's side, had either an absolute or a joint estate in

the land, dependent upon the fact as to whether there were other children and heirs by the first marriage.

In order to show title in himself to the land, plaintiff offered in evidence a deed from Crise and wife to Robertson, under whom the plaintiff claims to have derived title. The validity of this deed is contested, and if the title of plaintiff turned upon the validity of the deed, we should not hesitate to declare it invalid. But whether valid or not, as upon the death of her daughter, Mrs. Crise only acquired a life estate in the land, she could convey no greater estate to Robertson, which terminated at her death, before the suit in this case was commenced.

But, upon examination of the deed, it was found that it was the deed of Crise alone, to which the wife joined in the relinquishment of dower, in substance as follows : " I, Phillip Crise, in consideration of $225, paid by Harrison W. Robertson, do hereby convey, remise, release and quit-claim to said Robertson the southwest fractional quarter of section eighteen, in township twelve north, of range four west, to have and to hold. And I, the said Phillip Crise, do covenant, etc., and that I will and my heirs shall warrant, etc, And for the consideration aforesaid I, Rebecca Crise, wife of Phillip Crise, do hereby release and quit-claim unto said Harrison W. Robertson all my right, claim or possibility of dower in or to said demised premises."

This is no deed of the wife to the lands ; she sells and conveys nothing, but merely relinquishes her right to dower. The land was hers as heir to her deceased child, and Phillip Crise, the husband, held no other interest than to the rents and profits during the life of his wife, and could sell nothing more. Bright's Husband and Wife, Ch. 10, 116, 124.

A deed from McKinney and wife was offered in evidence by plaintiff, as forming a necessary link in his title to the land, and,

on motion of the defendant, was excluded because the acknowledgment was held to be insufficient.

The certificate is as follows :   " Be it remembered that on this day came before me the undersigned, a justice within and for the county aforesaid, to me personally well known to be the person whose name is subscribed to the foregoing deed as a party thereto, and acknowledged that he had executed the same for the consideration and purposes therein mentioned and set forth. And on the same day voluntarily appeared before me Mary McKinney, etc."

The omission of the justice to fill up the blank with the name of John P. McKinney is the only objection to the certificate. We think this objection not well taken. The justice certifies that the party who appeared before him was the grantor in the deed, and the other grantor was the wife of the said John P. McKinney, the grantor. This we think amply sufficient to identify the real party who acknowedged the deed as fully as if John P. McKinney's name had been inserted in the blank.

It is a matter of doubt who was in the actual possession of the land at the time the suit was brought.

The weight of the evidence tends to prove that the defendant resided upon and cultivated a small field upon the land, and that plaintiff had another field in possession on the same tract.   Under the state of facts with regard to possession, we incline to the opinion that the case would come within an exception to the general rule which this court has established, that the party who seeks the aid of a court of chancery to remove a cloud upon his title, should be at the time in possession of the land.

Under the state of case presented to the Chancellor in the court below, a final decree in favor of the defendants might have been entered, but as the decree dismissing the case was absolute, the same end was substantially reached.

Let the decree be affirmed.