# United States Court of Appeals
# For the First Circuit

No. 16-1465

IN RE: SAFINA N. MBAZIRA,

Debtor.

_____

U.S. BANK, N.A., as Trustee of the J.P. Morgan Mortgage
Acquisition Corp. 2005-FRE1 Asset Backed Pass-through
Certificates, Series 2005-FRE1,

Appellant,

OCWEN LOAN SERVICING, LLC,

Defendant,

v.

JOHN O. DESMOND, Chapter 11 Trustee of the Estate of Safina N.
Mbazira,[*]

Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Indira Talwani, U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Kayatta, Circuit Judges.

_____

[*] John O. Desmond, Chapter 11 Trustee of the Estate of Safina
N. Mbazira, has been substituted as appellee for Safina N. Mbazira.

Jason A. Manekas, with whom Bernkopf Goodman LLP was on brief, for appellant.

David G. Baker for appellee.

October 1, 2021

**HOWARD**, **Chief Judge**.  This appeal arises out of an adversary action filed in a Chapter 11 proceeding in the Bankruptcy Court for the District of Massachusetts.  The subject of the action is a mortgage granted by the debtor, Safina Mbazira, and held by U.S. Bank, N.A.  Under the so-called "strong arm" provision of the Bankruptcy Code, 11 U.S.C. § 544, the bankruptcy court allowed Mbazira to void the mortgage because the certificate of acknowledgement accompanying it failed to state that Mbazira signed the mortgage as her free act and deed.  After the district court affirmed, U.S. Bank timely appealed.  For the following reasons, on de novo review, we affirm the judgment of the bankruptcy court.

## I.

## A.

The facts are undisputed.  Mbazira purchased a home in Waltham, Massachusetts in July 2005, which she financed through two mortgages.  This matter only concerns the first, which had an initial principal of $528,000. Under Massachusetts law, a mortgage must include a "certificate of acknowledgment," signed before a notary public or similar official, that the grantor has voluntarily signed the mortgage instrument.  See McOuatt v. McOuatt, 69 N.E.2d 806, 809-10 (Mass. 1946); Mass. Gen. Laws ch. 183, § 30.  Although a notarized certificate of acknowledgment accompanied Mbazira's mortgage, the space for her name was left blank.  Mbazira's

handwritten initials, however, do appear on the bottom of the page.[1]

The original mortgagee -- Mortgage Electronic Registration Systems -- assigned its interest to U.S. Bank in 2008. Both mortgagees registered their interests with Massachusetts' Land Court.[2] In September 2013, U.S. Bank initiated pre-foreclosure proceedings against Mbazira and obtained an "Order of Notice" from the Land Court, which was registered the following month. The original interest in the mortgage, U.S. Bank's current interest, and the pre-foreclosure Order of Notice each appear on the Certificate of Title in the Land Court registration.

**B.**

Two months after U.S. Bank initiated the pre-foreclosure proceedings, Mbazira filed for Chapter 11 bankruptcy. The petition identified the mortgage at issue here as "unliquidated" and "disputed" with a claim amount of $564,700. Mbazira then commenced an adversary proceeding against U.S. Bank, seeking to "avoid" the mortgage because her name is missing from the certificate of acknowledgment. See 11 U.S.C. §§ 506, 544, 551.

_____

[1] The year was also left blank, but the parties do not make any arguments regarding this omission.

[2] Massachusetts' Land Court, as its name implies, hears "cases involving real estate and land use, and oversees the Commonwealth's system for the registration of title to real property." Land Court, Mass.gov, https://www.mass.gov/orgs/land-court.

Under the Bankruptcy Code, a mortgage may be avoided if a hypothetical bona fide purchaser of the mortgaged properly would not be charged with constructive notice of the mortgage. In re Daylight Dairy Products, Inc., 125 B.R. 1, 3 (Bank. D. Mass. 1991) (citing 11 U.S.C. § 544(a)). The effect of avoidance is to render the debt unsecured, leaving the creditor to stand at the end of the line with other unsecured creditors in sharing unencumbered assets of the debtor.

U.S. Bank sought to dismiss the adversary proceeding. It advanced two arguments: The recording of a mortgage with such a defect was effective to provide constructive notice of the mortgage; and, in any event, registration of the mortgage provided sufficient notice to subsequent bona fide purchasers. In the alternative, U.S. Bank asked the bankruptcy court to certify to Massachusetts' highest court the questions concerning the effect of the missing name.

The bankruptcy court denied both U.S. Bank's motion to dismiss and its request to certify any questions to the Massachusetts Supreme Judicial Court ("SJC"). In re Mbazira, 518 B.R. 11, 23-24 (Bankr. D. Mass. 2014). It held that the incomplete certificate of acknowledgment was materially defective under Massachusetts law and that, therefore, third parties do not have constructive notice of the encumbrance on the property. Id. at 22. The court then invited Mbazira to file a motion for judgment

on the pleadings, which became a motion for summary judgment once additional documents were appended. Following its prior ruling, the court granted the Mbazira's motion and allowed her to avoid the mortgage. <u>In re Mbazira</u>, No. 13-16586-WCH, 2015 WL 1543908, at *1 (Bankr. D. Mass. Mar. 31, 2015).

With Mbazira's debt to U.S. Bank rendered unsecured and its priority wiped away, U.S. Bank appealed to the district court, which concurred with the bankruptcy court. We review the bankruptcy court's decision directly, despite the intermediate district-court decision. <u>In re Sheedy</u>, 801 F.3d 12, 18 (1st Cir. 2015). We assess the bankruptcy court's factual findings for clear error and its legal conclusions de novo. <u>Id.</u>

## II.

Section 544 of the Bankruptcy Code -- known as the "strong arm" clause -- permits a trustee[3] to "avoid . . . any obligation incurred by the debtor that is voidable by" a real or hypothetical bona fide purchaser, regardless of any actual knowledge of the obligation by the trustee. 11 U.S.C. § 544(a)(3). Thus, the trustee can only void a mortgage obligation if it did not have constructive notice of the encumbrance. Under Massachusetts law there are two methods for giving constructive

---

[3] 11 U.S.C. § 1107(a) gives Mbazira, as the debtor-in-possession, the same rights as a "trustee."

- 6 -

notice to the world of a mortgage on real property: One can either properly record the mortgage in the registry of deeds, Mass. Gen. Laws ch. 183, § 4,[4] or one can register the mortgage with the Land Court, which provides the same notice to third parties as if it were recorded, Mass. Gen. Laws ch. 185, § 58.[5] U.S. Bank argues that the mortgage here was properly recorded, and, if not, it was nevertheless registered with the Land Court, which alone provides the required notice. We take each contention in turn.

## A.

As mentioned, a properly recorded mortgage provides notice of a security interest, but a recording is not effective -- indeed is literally barred under Massachusetts law -- unless there is a certificate of acknowledgment or proof of its due

---

[4] Mass. Gen. Laws ch. 183, § 4, states: "A conveyance of an estate . . . shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it . . . is recorded in the registry of deeds."

[5] Mass. Gen. Laws ch. 185, § 58, states:

> Every conveyance, lien, attachment, order, decree, instrument or entry affecting registered land, which would under other provisions of law, if recorded, filed or entered in the registry of deeds, affect the land to which it relates, shall, if registered, filed or entered in the office of the assistant recorder of the district where the land to which such instrument relates lies, be notice to all persons from the time of such registering, filing or entering.

execution attached, Mass. Gen. Laws ch. 183, § 29.[6]  As explained

by the SJC, Massachusetts law requires the grantor to "acknowledge

that [he or she] has executed the instrument as [his or her] free

act and deed," and the statute requires that "a certificate

reciting that the grantor appeared before the officer making the

certificate and made such acknowledgment . . . be attached to the

instrument in order to entitle it to be recorded."  Bank of Am.,

N.A. v. Casey, 52 N.E.3d 1030, 1035 (Mass. 2016) (quoting McOuatt,

69 N.E.2d at 809); see also Mass. Gen. Laws ch. 183, § 30

(specifying the requirements for a certificate of acknowledgment).

Here, there is no certificate "reciting that [Mbazira]

appeared before the officer . . . and made such acknowledgement."

Bank of Am., 52 N.E. at 1035.  There is, in fact, no certificate

reciting that anyone made any such acknowledgement because the

name was left blank.  As the bankruptcy court observed, the plain

language of Massachusetts law, therefore, seems to render any

recording of this mortgage ineffective because it does not contain

a proper certification of acknowledgement.  See In re Mbazira, 518

B.R. at 22.

---

[6]  Mass. Gen. Laws ch. 183, § 29, states:  "No deed shall be
recorded unless a certificate of its acknowledgment or of the proof
of its due execution, made as hereinafter provided, is endorsed
upon or annexed to it, and such certificate shall be recorded at
length with the deed to which it relates . . . ."

U.S. Bank nevertheless contends that the omitted name does not preclude recording from giving constructive notice of the mortgage. It is true that Massachusetts law does not definitively deem such a defect material.[7] But the weight of precedent leans decidedly in favor of strictly construing the statutory requirement for certificates of acknowledgment. The bankruptcy courts applying Massachusetts law have adhered to an

---

[7] A review of rulings on a similar issue in other jurisdictions reveals no consensus on the matter:

At least nine state jurisdictions have held that the omission of the mortgagor's name is not a material defect. See Farm Bureau Fin. Co., Inc. v. Carney, 605 P.2d 509 (Idaho 1980); Gardner v. McAlester, 198 Okla. 547 (1946); Fahey v. Ottenheimer, 220 N.Y.S. 491 (N.Y. App. Div. 1927); Larson v. Elsner, 101 N.W. 307 (Minn. 1904); Milner v. Nelson, 53 N.W. 405 (Iowa 1892); Wilcoxon v. Osborn, 77 Mo. 621 (1883); Magness v. Arnold, 31 Ark. 103 (1876); Sanford v. Bulkley, 30 Conn. 344 (1862); Pickett v. Doe, 13 Miss. (5 S. & M.) 470 (1845). Two states have validated certificates of acknowledgment where the notary block included the wrong name. See Edenfield v. Wingard, 89 So.2d 776 (Fla. 1956) (en banc); Coates v. Smith, 160 P. 517 (Or. 1916).

By contrast, at least five state jurisdictions have found that this type of omission does constitute a material defect. See Seale Motor Co. v. Stone, 62 S.E.2d 824 (S.C. 1950) (predicting that the omission would be material under either Kentucky or South Carolina law); Thomas v. Davis, 2 So.2d 616 (Ala. 1941); Merritt v. Yates, 71 Ill. 636 (1874); Buell v. Irwin, 24 Mich. 145 (1871); Smith's Lessee v. Hunt, 13 Ohio 260 (1844). The Sixth Circuit has predicted that Tennessee would also view this omission as a material defect. See In re Biggs, 377 F.3d 515 (6th Cir. 2004) (applying Tennessee law).

We note that federal bankruptcy courts in Ohio, a state with a land registration system, have permitted trustees to avoid mortgages with this very defect. See, e.g., In re Goheen, 739 (Bankr. S.D. Ohio 2012), aff'd, No. 10-16427, 2012 WL 2709802 (S.D. Ohio July 6, 2012).

- 9 -

interpretation that requires strict formality in the execution of mortgage acknowledgments. See, e.g. In re Reznikov, 548 B.R. 606, 616 (Bankr. D. Mass. 2016) (holding that a certificate of acknowledgment that merely stated that the debtor "duly acknowledged" that she executed the mortgage but did not indicate that the execution was voluntary or her "free act and deed" was materially defective under state law), aff'd, 567 B.R. 239 (D. Mass. 2017); see also In re Shubert, 535 B.R. 488, 500 (Bankr. D. Mass. 2015) (same, but acknowledgment lacked even the "duly acknowledged" language). And the bankruptcy courts have specifically viewed certificates missing the debtor's name to be materially defective under Massachusetts law. See In re Giroux, No. 08-14708-JNF, 2009 WL 1458173, at *8 (Bankr. D. Mass. May 21, 2009) (not reported) (predicting "that the Massachusetts Supreme Judicial Court would view the omission of the Debtor's name from the acknowledgment as a material defect in the acknowledgment of the Debtor's signature on the mortgage document"), aff'd sub nom. Mortg. Elec. Registration Sys., Inc. v. Agin, No. 09-CV-10988-PBS, 2009 WL 3834002 (D. Mass. Nov. 17, 2009); see also In re Bower, No. 10-10993-WCH, 2010 WL 4023396, at *5 (Bankr. D. Mass. Oct. 13, 2010) (adopting Giroux's reasoning and noting that "[m]ortgage acknowledgments must be strictly executed in the manner proscribed by Massachusetts law or they are invalid."). Indeed, the SJC itself has twice declined an opportunity to question the presumed

- 10 -

ineffectiveness of a missing name on a certificate of acknowledgment. See Bank of Am., 52 N.E. 3d at 1039; McOuatt, 69 N.E.2d at 809.

This is not to say that the case law requires any specific magic words. As the Massachusetts Supreme Judicial Court explained, "[n]o particular words are necessary as long as they amount to an admission that [the grantor] has voluntarily and freely executed the instrument." McOuatt, 69 N.E.2d at 810; see also In re Demore, 844 F.3d 292, 298-99 (1st Cir. 2018).[8] Here though no words on this certificate indicate who has voluntarily and freely executed the instrument.

All in all, we see no good reason to resist the momentum of this precedent, even recognizing that it is not binding or definitive, particularly because the statutory text appears quite clear. This sort of defect is also quite easily avoided in the first instance by the mortgagee at the time the mortgage is granted, or even thereafter. See Bank of Am., 52 N.E.3d at 1039-40 (explaining that an "affidavit filed and recorded . . . that supplies the omitted names of the mortgagors, explains the

---

[8] We have published one other opinion in this subject area, but it concerns Vermont law. In that case we strictly construed Vermont's acknowledgment requirements, finding that a certificate of acknowledgment signed by only one of two required witnesses was materially defective and thus the debtor could avoid the mortgage in bankruptcy. In re Ryan, 851 F.2d 502, 512 (1st Cir. 1988).

circumstances of the omission, and confirms that in fact the affiant did witness the voluntary execution of the mortgage by the mortgagors on the date stated operates to cure the original defect in the acknowledgment"). We see no reason to, in effect, eliminate an express requirement that the Massachusetts legislature has specified as a condition for proper recording. Accordingly, we conclude that the recording of the mortgage was not effective to give constructive notice to third parties. Bank of Am., N.A. v. Casey, 52 N.E.3d 1030, 1035 (2016).

**B.**

Having found that the attempted recording of the mortgage did not give constructive notice of its existence, we turn to U.S. Bank's alternative argument that effective notice was given by registering the mortgage with the Land Court. That argument finds no ready toehold in Massachusetts' statutes. U.S. Bank notes that Mass. Gen. Laws ch. 185, § 54, provides that "[t]he original certificate" of title "shall be conclusive as to all matters contained therein, except as otherwise provided in this chapter." U.S. Bank then directs us repeatedly to Mass. Gen. Laws ch. 185, § 58, in which the Massachusetts legislature provides that registration of a lien in the proper district "be notice to all persons," but that notice applies only to liens which, "if recorded, filed or entered in the registry of deeds, affect the land to which it relates." And, as we have just explained,

Massachusetts law bars the recording of any deed -- and nowhere excludes mortgage deeds -- without a proper certificate of acknowledgement. Mass. Gen. Laws ch. 183, § 29.[9] In short, as the bankruptcy court concluded, Massachusetts law "incorporates the filing standards for recorded land," including the acknowledgment requirement, "into the land registration system as the condition for the act of registration to be notice to third parties." In re Mbazira, 518 B.R. at 21.

This interpretation is supported by the Land Court Guidelines on Registered Land, which expressly require all deeds affecting registered land to include a certificate of acknowledgment. See Commonwealth of Massachusetts Land Court Guidelines on Registered Land 1 (Rev. Feb. 27, 2009), http:// www.mass.gov/courts/docs/courts-and-judges/courts/land-court/guidelines-registered-land.pdf (requiring that deeds, including mortgage deeds, be acknowledged in accordance with [section] 29) Sept. 20, 2017)); accord Petrozzi v. Peninsula Council, Inc., No. 07-MISC-349279, 2011 WL 1459694, at *16 (Mass. Land Ct. Apr. 14, 2011) (noting that an instrument "require[s] some manner of acknowledgment compliant with [section] 30" to be "accepted for registration").

---

[9] U.S. Bank makes no argument that a deed can be filed or entered so as to affect the land under section 58 even if it cannot be recorded.

U.S. Bank argues that reading section 58 to apply the rules for recording to the registration scheme "is unsupported and would usurp the function of the Land Court's registration process." This argument makes too broad a claim.  We are solely concerned with constructive notice to third parties, not other kinds of notice or the other functions of the land registration system; actual notice to individuals who consult the land registry is unaffected.  See In re Woodman, 497 B.R. 668, 670 n.2 & 673 (Bankr. D. Mass. 2013).  A person who investigated the Certificate of Title for the property at issue would have gained actual knowledge of U.S. Bank's interest, but the relevant scenario under the Bankruptcy Code is that presented by a hypothetical bona fide purchaser without actual notice.  See 11 U.S.C. § 544(a).

U.S. Bank points to another provision of Massachusetts law that allows owners of registered land to mortgage it via deed and states that a registered mortgage will "take effect upon the title only from the time of registration."  Mass. Gen. Laws ch. 185, § 67.  Into this language U.S. Bank reads an assurance that registering has an effect, no matter how done.  But even accepting this ambitious reading, we see no conflict with the notion that the effect will not extend more broadly than making the mortgage effective as against persons with actual notice. Relatedly, section 54's admonition that certificates of title are "conclusive as to all matters contained therein" also concerns

- 14 -

actual notice, not constructive notice, contrary to U.S. Bank's arguments otherwise.

Turning its focus back to the text of section 58, U.S. Bank argues that "any document which a person could record that would affect the land would also provide notice once it is accepted for registration by the Land Court." But, as we have explained, the mortgage here is not a mortgage that could have been properly recorded given the absence of a properly executed certificate of its acknowledgement. See Part II.A., supra; Mass. Gen. Laws ch. 183, § 29 ("No deed shall be recorded unless a certificate of acknowledgment or the proof of its execution . . . is endorsed or annexed to it.").

Although U.S. Bank is correct that there is "no dispute that the Mortgage was accepted by the Land Court for registration and still appears on the Certificate of Title," those facts do not create constructive notice to third parties under Massachusetts law. Contrary to U.S. Bank's implication, "'constructive notice' is not really 'notice,' as that word is commonly used, at all." In re Ryan, 851 F.2d 502, 506 (1st Cir. 1988). "Instead, constructive notice is a positive rule of state law that permits the prior purchaser to gain priority over a latter purchaser, regardless of whether the latter purchaser really knows of the prior purchase." Id. (emphasis omitted). U.S. Bank makes the conclusory argument that because the mortgage was accepted by the

Land Court and added to the Certificate of Title, this would "charge" the debtor with "constructive notice." But the only "positive rule of state law" U.S. Bank can cite is section 58, which, as discussed, applies the recording requirements to the land registration scheme. U.S. Bank points to no other statute that creates a rule for constructive notice to third parties regarding mortgage documents, and U.S. Bank's argument that a mortgage accepted for registration "should" provide constructive notice is best saved for the state legislature.

U.S. Bank's invocation of inquiry notice is also irrelevant to Mbazira's ability to avoid the mortgage under section 544 of the Bankruptcy Code. "[I]nquiry notice is not entirely distinct from actual or constructive notice; rather, it is a duty of a purchaser to conduct a reasonable investigation upon gaining constructive or actual notice of facts which would make a prudent person suspicious." In re Ryan, 851 F.2d at 511 (emphasis in original). "Questions of a purchaser's duty, however, are by definition in the sphere of constructive notice." Id. (emphasis in original). And constructive notice is defined by state law, which in this instance, requires a proper certificate of acknowledgment. See Mass. Gen. Laws ch. 185 § 58; id. ch. 183 § 4. Thus, without any constructive notice giving rise to the

duty to conduct an investigation, the hypothetical bona fide purchaser here cannot be charged with inquiry notice.[10]

### III.

Over seven years have passed since the bankruptcy court issued its first ruling that neither attempted recording nor registration with the Land Court triggered constructive notice given the defective certificate. Neither party has suggested that the bankruptcy court's reasoning has created any significant problems. As we have already noted, the defect at issue in the certificate is obvious and readily guarded against by a mortgagee. For the foregoing reasons, we think it best to leave matters as they stand. And for the same reasons we see no substantial need to certify a question to the SJC. We therefore hold that summary judgment was properly granted for Mbazira because the omission of Mbazira's name from the certificate of acknowledgement was a material defect under Massachusetts law. As such, a bona fide purchaser would not be charged with constructive knowledge of the instrument, and therefore Mbazira can avoid the mortgage in bankruptcy.

---

[10] U.S. Bank also argues that the mortgage and the certificate of acknowledgment, together in context, comprise a "materially complete" document that complies with state law. But it conceded the omission of Mbazira's name on the certificate of acknowledgment below and did not make this new "comprehensiveness" argument until this appeal. Accordingly, we find that U.S. Bank waived this argument and do not reach it.